IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:08-155-CMC |
| v. | |
| Derrick Johnson, | Opinion and Order |
| Defendant. | |

Defendant seeks relief pursuant to 28 U.S.C. § 2255, arguing that in light of the Supreme Court's holding in *Johnson v. United States*, 576 U.S. __, 135 S.Ct. 2551 (2015) and *Welch v. United States*, 578 U.S. __, 136 S.Ct. 1257 (2016), he is no longer an armed career criminal or a career offender and should be resentenced.[1] ECF No. 164. Defendant filed a supplement to his § 2255 motion on July 19, 2016. ECF No. 168. The Government filed a motion to dismiss or for summary judgment on August 24, 2016. ECF No. 173. On September 6, 2016, Defendant filed his response. On September 8, 2016, this court entered an order holding Defendant's § 2255 motion in abeyance pending a decision in *Beckles v. United States*, 580 U.S. __, 137 S. Ct. 886 (2017). ECF No. 175. After *Beckles* was decided, the Government filed a response in support of its motion to dismiss or for summary judgment. ECF No. 176. Defendant filed a reply on April 4, 2017. ECF No. 177. On April 5, 2017, this court ordered the Government to respond to a new argument advanced in Defendant's latest filing. ECF No. 178. The Government filed its response on April 19, 2017. ECF No. 179. The court entered a text order on April 20, 2017, ordering the

---

[1] Defendant received permission from the Fourth Circuit to file a second or successive § 2255 motion on June 27, 2016. ECF No. 163.

parties to consider certain cases regarding the concurrent sentence and sentence packaging doctrines and to file further briefing as needed.[2] ECF No. 180. The Government filed its response on May 4, 2017 (ECF No. 181), and Defendant filed his response on May 12, 2017 (ECF No. 182). This court set a hearing date of May 30, 2018. ECF No. 183. On May 29, 2018, the Government filed a further response in support. ECF No. 185.

I. **Background**

On February 19, 2008, Defendant was indicted for: (1) conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(B), (b)(1)(D) and § 846; (2) possession with intent to distribute cocaine base, in violation of §§ 841(a)(1) and (b)(1)(B); (3) using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); (4) possession with intent to distribute cocaine base, cocaine, marijuana, and methamphetamine, in violation of §§ 841(a)(1), (b)(1)(B), (b)(1)(C), and (b)(1)(D); (5) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), 924(a)(2), and 924(e), and (6) possessing a firearm with the serial number removed, obliterated, or altered in violation of § 922(k) and 924(a)(1). ECF No. 11.

On February 20, 2008, the Government filed an Information to establish prior conviction under 21 U.S.C. § 851, subjecting Defendant to increased penalties based on three prior drug convictions. ECF No. 16. The Government also filed an Information pursuant to § 924(e), notifying Defendant he was subject to increased penalties under the Armed Career Criminal Act. ECF No. 17. A Superseding Indictment was entered on March 20, 2008. ECF No. 35.

---

[2] The court also asked the parties to consider whether this matter should be stayed pending the Fourth Circuit's decision in *United States v. Davis*, No. 17-4011. The Fourth Circuit decision in *Davis* was issued September 5, 2017. 708 F. App'x 767 (unpublished).

Defendant entered into a written plea agreement on August 11, 2008, agreeing to plead guilty to counts two and five of the Superseding Indictment (possession with intent to distribute and felon in possession, respectively). ECF No. 63. In the plea agreement, Defendant stipulated he had at least two prior felony drug convictions, and agreed not to contest the Information filed pursuant to § 851. *Id.* at ¶ 10. The Government agreed to dismiss the remaining counts of the indictment, including the § 924(c) count. *Id.* at ¶ 11. Defendant entered the guilty plea in this court on September 3, 2008. ECF No. 71.

A Pre-Sentence Report (PSR) concluded Defendant was an armed career criminal and career offender pursuant to U.S.S.G. §4B1.1(b). ECF No. 83. The PSR found Defendant's prior convictions for burglary second degree, possession with intent to distribute ("PWID") marijuana within proximity of a school, criminal domestic violence of a high and aggravated nature ("CDVHAN") and pointing and presenting firearms at a person (committed on the same day, and counted as one predicate conviction) were predicate convictions for armed career criminal and career offender purposes. *Id.* Defendant's guideline range was calculated to be 262-327 months. *Id.* at ¶ 109. There were no objections to the PSR. ECF No. 83-1.

On May 13, 2009, Defendant appeared for sentencing. The court sentenced Defendant to 262 months' imprisonment and an eight-year term of supervised release. Defendant filed an appeal, which was dismissed on the Government's motion based on the appeal waiver in the plea agreement. ECF No. 116. Defendant filed an initial § 2255 motion on August 24, 2011. ECF No. 133. This court granted the Government's motion to dismiss on November 15, 2011. ECF No. 146. The Fourth Circuit granted Defendant permission to file the instant successive § 2255 motion on June 27, 2016. ECF No. 163.

## II. *Johnson* and *Beckles*

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") violates due process as it "denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 576 U.S. at __, 135 S. Ct. at 2557. By holding the ACCA residual clause unconstitutionally vague, the Court narrowed the predicate offenses that could serve to enhance a sentence to those that qualify under the enumerated or force clauses. The ACCA residual clause can no longer support a defendant's classification as an armed career criminal. On April 18, 2016, the Supreme Court decided *Welch*, 578 U.S. __, 136 S.Ct. 1257, holding that the newly established right recognized in *Johnson* is retroactive to cases on collateral review.

On March 6, 2017, the Supreme Court issued an opinion in *Beckles*, holding "the advisory Guidelines are not subject to vagueness challenges under the Due Process clause." *Beckles*, 580 U.S. at __, 137 S.Ct. at 890. Therefore, the residual clause in §4B1.2(a)(2) of the former Sentencing Guidelines[3] is not void for vagueness. *Id.* at 892.

## III. Discussion

### a. *ACCA/Career Offender Status*

Defendant was classified as both an armed career criminal and a career offender at sentencing. After *Johnson*, the residual clause can no longer be used to classify his second degree burglary conviction as a violent felony, and South Carolina burglary does not qualify as generic burglary under the enumerated clause. *See Mathis v. United States*, 579 U.S. __, 136 S.Ct. 2243

---

[3] The definition of "crime of violence" for career offender purposes, revised effective August 1, 2016, no longer contains a residual clause.

(2016). Therefore, as the Government concedes, Defendant is no longer properly classified as an armed career criminal.

However, Defendant still has two predicate convictions qualifying him for career offender status: PWID marijuana within proximity of a school and CDVHAN/pointing and presenting[4]. The pointing and presenting conviction remains a force clause offense under *United States v. King*, 673 F.3d 274 (4th Cir. 2012). The CDVHAN conviction qualifies under the force clause pursuant to *United States v. Chisholm*, 579 F. App'x 187 (4th Cir. 2014) (unpublished), which was recently reaffirmed by *United States v. Lewis*, 719 F. App'x 210 (4th Cir. 2018) (unpublished).

   b. *Form of Relief*

Because *Johnson* impacts his armed career criminal status, Defendant argues he is entitled to a full resentencing. ECF Nos. 177, 182. The Government notes the court has discretion whether to hold a full resentencing, but suggests the court follow *Davis v. United States*, 708 F. App'x 767 (4th Cir. 2017) (unpublished) in "correcting" Defendant's sentence without resentencing because Defendant's ACC status did not drive his sentence. ECF No. 185.

Defendant faced a higher guideline range based on application of the career offender guideline than as an armed career criminal. *See* ECF No. 83 ¶ 88 (offense level under § 4B1.1, career offender guideline, of 37 while the armed career criminal offense level was 34). After adjustment for acceptance of responsibility, Defendant's total offense level was 34. *Id.* at ¶ 91. In addition, Defendant's criminal history category did not change, as the career offender guideline mandates a category VI.

---

[4] Only one of these latter convictions must qualify under the force clause in order for Defendant to have the two requisite predicate convictions for career offender status, as they were committed on the same day and counted as one conviction for career offender purposes.

5

Grouping of Defendant's two convictions for guidelines purposes did not affect the overall offense level and sentencing guideline range. Defendant's total offense level on Count Two, based on drug weight and special offense characteristics but before any Chapter Four enhancements such as career offender, was 36. ECF No. 83 at ¶¶ 73-78. The offense level on Count Five after special offense characteristics was 32. *Id.* at ¶¶ 79-86. The grouping rules note the offense level applicable to a Group under U.S.S.G. § 3D1.2-3 is the offense level for the most serious of the counts comprising the Group. In this case, that is Count Two; therefore, the combined adjusted offense level subtotal was 36. *Id.* at ¶ 87. Count 5, the § 922(g) count, had no impact on the offense level when the two counts were grouped.

The § 922(g) count did affect the statutory range, increasing it to 15 years to life. Accordingly, Defendant's sentence on Count 5 was 262 months, concurrent with 262 months on Count 2. Because he is no longer an armed career criminal, his maximum exposure on Count 5 is 120 months. In addition, his maximum exposure for supervised release is now three years on Count 5, whereas he was originally sentenced to eight years supervised release on Count 2 and five years on Count 5, concurrently.[5]

The court has a "broad and flexible power . . . to fashion an appropriate remedy." *United States v. Hadden*, 475 F.3d 625, 669 (4th Cir. 2007); *United States v. Hillary*, 106 F.3d 1170, 1171 (4th Cir. 1997). The need to correct the sentence on the § 922(g) count does not mandate

---

[5] Because Count 2 is a Class A felony, Defendant's exposure on supervised release revocation does not change even though Count 5 is now a Class C felony.

Defendant be resentenced *under current law*, as Defendant argues.[6] "The goal of § 2255 review is to place the defendant in exactly the same position as he would have been had there been no error in the first instance." *See Hadden*, 475 F.3d at 669; *Davis*, 708 F. App'x at 769. Although the court has discretion to resentence, it chooses instead to correct Defendant's sentence, placing him in the same position he would have been in had he not been sentenced as an armed career criminal. *Davis*, 708 F. App'x at 770.

Therefore, the court will correct Defendant's sentence without holding a full resentencing. *See, e.g.*, *Davis*, 708 F. App'x 770 (affirming district court's correction of defendant's sentence without holding a full resentencing); *United States v. Williams*, 2018 WL 912268 (E.D. Va. Feb. 15, 2018) (granting relief as to the defendant's ACCA status and correcting sentence on that count but declining to hold a full resentencing); *United States v. McConatha*, 2018 WL 627389 (E.D. Va. Jan 30, 2018) (correcting sentence of the defendant, who was determined to no longer be an armed career criminal but was still a career offender, without a full resentencing). The court exercises its discretion not to hold a full resentencing because there is no effect on the length of Defendant's sentence by removal of ACC status due to the impact of the career offender designation. As Defendant is no longer an armed career criminal, his sentence on Count Five will be corrected to 120 months imprisonment, to run concurrently with the sentence on Count Two, and three years' supervised release, to run concurrently with the eight year term on Count Two.

---

[6] Defendant also argues he is entitled to a full resentencing under the sentencing package theory. However, this theory only applies if the appellate court determined the original sentence was unlawful and vacated and remanded to the district court. If the district court itself corrects a sentence, the theory does not apply and the district court has "broad and flexible power" under § 2255 to determine an appropriate remedy. *See Hadden*, 475 F.3d at 669.

## IV. **Conclusion**

For the reasons above, the court grants in part Defendant's motions to vacate (ECF Nos. 162, 164, 168), to the extent his sentence on the felon in possession conviction (Count Five) will be amended to reflect a sentence of 120 months to run concurrently with the 262 month sentence on Count Two, and three years' supervised release, to run concurrently with the eight year term of supervised release on Count Two. Defendant is no longer an armed career criminal. Count Five is a Class C felony. Defendant's motions are denied as to his further arguments, and the sentence on Count Two remains unchanged. The Government's motion to dismiss (ECF No. 173) is dismissed as moot. An amended judgment will be issued.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

                                                s/Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                Senior United States District Judge

Columbia, South Carolina
June 6, 2018